IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATH HUMPHREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-769-TMH |
| | ) | |
| SHERIFF JAMES W. JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas

corpus relief filed by Heath Humphrey ["Humphrey"], a convicted felon currently

incarcerated in the Autauga Metro Jail.[1]  In this petition, Humphrey challenges the

respondent's failure to award him good time credit on his sentence. Specifically, Humphrey

argues that he is a state inmate and "good time should [therefore] be credited [to him under

the Alabama Correctional Incentive Time Act ["ACITA"], *Ala. Code* § 14-9-40, *et seq*.]

even though [he is] being housed in a county jail." *Petition for Writ of Habeas Corpus*

*Relief - Doc. No. 1* at 6.[2]  Humphrey, however, concedes that he has not filed any action

---

[1] Humphrey is incarcerated on a conviction for unlawful distribution of marijuana and the resulting sentence
imposed upon him by the Circuit Court of Autauga County, Alabama on August 14, 2013.

[2] The pertinent portion of the ACITA states that "[e]ach prisoner who shall hereafter be convicted of any offense
against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction,
in the penitentiary or at hard labor for the county or in any municipal jail, ... other than for life, whose record of conduct
shows that he has faithfully observed the rules for a period of time to be specified by this article *may* be entitled to earn
a deduction from the term of his sentence....  Provided, however, no person may receive the benefits of correctional

with the Circuit Court of Autauga County, Alabama seeking relief on the issue presented to this court.  *Id*.  Based on this concession, the court entered an order affording Humphrey an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust available state remedies.  *Order of October 25, 2013 - Doc. No. 3*.  Humphrey has filed nothing in response to this order.

## II. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 -- including exhaustion of state remedies -- apply to [the present petition]."  *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004).  "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one.  [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)].  For that reason, even though [Humphrey] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion

---

incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary...."  *Ala. Code* § 14-9-41(a) and (e), subsection (e) as amended by Acts 1991 of the Alabama legislature, No. 91-637 (emphasis added).  Contrary to Humphrey's assertion that he is eligible for and entitled to good time for all time served in the county jail with respect to the marijuana distribution charge, including time awaiting trial, the ACITA does not provide for such time deductions.  Specifically, the ACITA allows incentive time credit only for time served by an inmate after imposition of a conviction and in execution of the sentence imposed for such conviction.  Thus, the requested good time deductions could only be awarded to Humphrey for time served on the Autauga County sentence since the trial court's imposition of the sentence on August 14, 2013.  In addition, an eligible inmate has no constitutional right or entitlement to receive incentive time deductions from the term of his sentence, nor is any such right created by state law, as the granting of such deductions under *Ala. Code* § 14-9-41 is completely discretionary.  *See Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Sandin v. Conner*, 515 U.S. 472 (1995).

2

requirement" because his incarceration arises from the order of a state court. *Dill*, 371 F.3d at 1302-1303.

The law is well settled that this court shall not grant relief on a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court ... unless it appears that the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the state courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Humphrey has not yet exhausted his available state court remedies with respect to the claim presented in the instant petition for habeas corpus relief, as he may the file a state habeas petition in the trial court and, if the petition is unsuccessful, pursue any appellate remedies afforded by state law. This court does not deem it appropriate to rule on the merits of Humphrey's claim without first requiring that he exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it is clear that a stay of this case is not warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas

corpus relief should be dismissed without prejudice so that Humphrey may pursue the state court remedies which are available to him.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. The petition be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further

ORDERED that on or before December 17, 2013, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

4

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of December, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE